**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

MAZY SEHRGOSHA, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

KINDRED HEALTHCARE, INC., PHYLLIS R. YALE, BENJAMIN A. BREIER, JOEL ACKERMAN, JONATHAN D. BLUM, PAUL J. DIAZ, HEYWARD R. DONIGAN, RICHARD GOODMAN, CHRISTOPHER T. HJELM FRED J. KLEISNER, SHARAD MANSUKANI, M.D., and LYNN SIMON, M.D.,

Defendants.

Case No. 1:18-cv-00230-RGA

**PLAINTIFF'S MEMORANDUM OF LAW IN**
**SUPPORT OF HIS MOTION TO EXPEDITE DISCOVERY**

**TABLE OF CONTENTS**

I. INTRODUCTION ..... - 1 -

II. STATEMENT OF FACTS ..... - 1 -

III. ARGUMENT ..... - 3 -

A. Good Cause Exists to Grant Expedited Discovery Under Fed. R. Civ. P. 26(d)(1) ..... - 5 -

1. Plaintiff Has Filed A Preliminary Injunction Motion and Seeks Expedited Discovery for That Purpose ..... - 5 -

2. Plaintiff's Discovery Request Is Limited and Any Burden Defendants May Face in Responding Is Minimal ..... - 6 -

3. Discovery in Advance of the Typical Timeframe Is Necessary ..... - 7 -

4. Plaintiff Faces the Threat of Irreparable Harm ..... - 8 -

B. If the Court Determines that the PSLRA Stay Provision Is Applicable, Plaintiff Is Still Entitled to Expedited Discovery ..... - 8 -

1. Plaintiff Seeks Particularized Discovery Narrowly Tailored to the Key Details Surrounding the Proposed Transaction ..... - 9 -

2. Absent Expedited Discovery, Plaintiff and the Class Will Suffer Undue Prejudice, If Not Irreparable Harm ..... - 9 -

IV. CONCLUSION ..... - 11 -

**TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*Allergan, Inc. v. Valeant Pharm. Int'l, Inc.*,
No. SACV 14-1214 DOC(ANx),
2014 U.S. Dist. LEXIS 156227 (C.D. Cal. Nov. 4, 2014)........................................................3

*Am. Insured Mortg. Investors v. CRI, Inc.*,
No. 90-CV-6630 (MBM), 1990 U.S. Dist. LEXIS 15787 (S.D.N.Y. Nov. 26, 1990) .............8

*Azar v. Blount Int'l, Inc.*,
No. 3:16-cv-483-SI, 2017 U.S. Dist. LEXIS 39493 (D. Or. Mar. 20, 2017)............................2

*In re Bank of America Corp. Sec., Derivative, and ERISA Litig.*,
No. 09MDL2058 (DC), 2009 U.S. Dist. LEXIS 108322 (S.D.N.Y. Nov. 16, 2009).............10

*Capriola Corp. v. Larose Indus., LLC*,
No. 8:12-cv-2346-T-23TBM, 2012 U.S. Dist. LEXIS 194660 (M.D. Fla. Nov. 1, 2012)........5

*In re Celera Corp. S'holder Litig.*,
No. 6034-VCP, 2012 Del. Ch. LEXIS 66 (Del. Ch. Mar. 23, 2012)........................................2

*Dartley v. Ergobilt, Inc.*,
No. 3:98-CV-1442-G, 1998 U.S. Dist. LEXIS 17751 (N.D. Tex. Nov. 4, 1998) ....................4

*Doppelt v. Windstream Holdings, Inc.*,
C.A. No. 10629-VCN, 2016 Del. Ch. LEXIS 27 (Del. Ch. Feb. 5, 2016) .............................10

*Duane Koch v. Martin Koch*,
No. 3:16-CV-37, 2016 U.S. Dist. LEXIS 72349 (M.D. Pa. June 3, 2016)...............................4

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*,
No. H-01-3624, 2002 U.S. Dist. LEXIS 26261 (S.D. Tex. Aug. 15, 2002)..........................7, 9

*ForceX, Inc. v. Tech. Fusion, LLC*,
No. 4:11cv88, 2011 U.S. Dist. LEXIS 69454 (E.D. Va. June 27, 2011)..................................4

*Hardie v. NCAA*,
No. 13cv346-W (DHB), 2013 U.S. Dist. LEXIS 49714 (S.D. Cal. Apr. 5, 2013)................6, 7

*Lab. Corp. of Am. Holdings v. Cardinal Health Sys.*,
No. 5:10-CV-353-D, 2010 U.S. Dist. LEXIS 107553 (E.D.N.C. Oct. 6, 2010)........................6

*Light Salt Invs., LP v. Fisher*,
No. 13cv1158-MMA (DHB), 2013 U.S. Dist. LEXIS 88470 (S.D. Cal. June 24, 2013)..........7

*Malon v. Franklin Fin. Corp.*,
No. 3:14cv671, 2014 U.S. Dist. LEXIS 157304 (E.D. Va. Nov. 6, 2014)................6, 9, 10, 11

*Mesa Petroleum Co. v. Aztec Oil and Gas Co.*,
406 F. Supp. 910 (N.D. Tex. 1976) ....................5

*Metal Bldg. Components, L.P. v. Caperton*,
No. CIV-04-0256 MV/DJS, 2004 U.S. Dist. LEXIS 28854 (D.N.M. April 2, 2004) ....................4

*Mills v. Nat'l Oilwell Varco*,
No. 4:12-CV-2962, 2012 U.S. Dist. LEXIS 169640 (S.D. Tex. Oct. 26, 2012) ....................3

*Nichting v. DPL Inc.*,
No. 3:11-cv-141, 2011 U.S. Dist. LEXIS 76739 (S.D. Ohio July 15, 2011).................... *passim*

*Nobelbiz, Inc. v. Wesson*,
No. 14cv0832 W (JLB), 2014 U.S. Dist. LEXIS 54432 (S.D. Cal. Apr. 18, 2014) ....................7

*Oglala Sioux Tribe v. Van Hunnik*,
298 F.R.D. 453 (D.S.D. 2014) ....................5, 6

*Pension Trust Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*,
943 F. Supp. 2d 913 (E.D. Wis. 2013)....................9

*Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.*,
204 F.R.D. 675 (D. Colo. 2002) ....................4, 5

*Polaroid Corp. v. Disney*,
862 F.2d 987 (3d Cir. 1988)....................8

*In re Pure Res., Inc. S'holders Litig.*,
808 A.2d 421 (Del. Ch. 2002)....................2

*Ryan v. Walton*,
No. 10-145 (RMC), 2010 U.S. Dist. LEXIS 108618 (D.D.C. Mar. 9, 2010)....................5, 6, 9, 10

*Samuel, Son & Co. v. Beach*,
No. 13-128 Erie, 2013 U.S. Dist. LEXIS 129486 (W.D. Pa. Sept. 11, 2013) ....................4, 6

*United States v. Smith*,
155 F.3d 1051 (9th Cir. 1998) ....................2

*Vagle v. Spectranetics Corp.*,
No. 10-cv-01249-MSK-MEH, 2010 U.S. Dist. LEXIS 109992 (D. Colo. Oct. 6, 2010)....................3

**Statutes**

15 U.S.C. § 78u-4(b)(3)(B)....................3, 8

**Other Authorities**

Fed. R. Civ. P. 26(d)(1)....................4

## I. INTRODUCTION

Plaintiff Mazy Sehrgosha ("Plaintiff") submits this memorandum of law in support of his Motion to Expedite Discovery. Plaintiff seeks to enjoin the stockholder vote on the proposed acquisition ("Proposed Transaction") of Kindred Healthcare, Inc. ("Kindred" or the "Company") by affiliates of each of TPG and Welsh, Carson, Anderson & Stowe, and Humana, Inc. (collectively the "Consortium"). Given the forthcoming stockholder vote and the expedited nature of injunctive relief, an order granting expedited discovery is essential.

## II. STATEMENT OF FACTS

On December 19, 2017, Kindred's board of directors (the "Board" or the "Individual Defendants" and together with Kindred, the "Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with the Consortium, pursuant to which, Kindred stockholders will receive $9.00 in cash for each share of common stock they own (the "Merger Consideration"). On February 5, 2018, in order to convince Kindred stockholders to vote in favor of the Proposed Transaction, Defendants filed a materially incomplete and misleading preliminary proxy statement (the "Proxy") with the Securities and Exchange Commission ("SEC"), in violation of Sections 14(a) and 20(a) of the Exchange Act.

Accordingly, on February 8, 2018, Plaintiff filed a putative class action complaint on behalf of himself and all other similarly situated stockholders against Defendants for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9. The Proxy touts the fairness of the Merger Consideration to the Company's stockholders, but fails to disclose material information that is necessary for stockholders to properly assess the fairness of the Proposed Transaction, thereby rendering certain statements in the Proxy misleading. In particular, the Proxy is materially incomplete and misleading concerning: (i) the upwardly adjusted sets of projections prepared by

the Company's management;[1] (ii) the projections of the Company's unlevered free cash flows;[2] and (iii) the individual multiples of Barclays' *Selected Comparable Company Analysis*.[3]

On the morning of February 16, 2018, Plaintiff filed his motion seeking a preliminary injunction of the upcoming Kindred stockholder vote. Plaintiff then reached out and conferred with Defendants regarding limited and targeted discovery in advance of the preliminary injunction hearing. Defendants refused to agree to produce any discovery. Accordingly, Plaintiff now respectfully requests that the Court order Defendants to produce the following expedited discovery—narrowly tailored to the key details surrounding the Proposed Transaction—in advance of the preliminary injunction hearing:

1. All sets of financial projections, forecasts, and/or models created, distributed, provided, and/or utilized during the time period of and/or for the purpose of the Proposed Transaction;

2. All presentations or materials reviewed by the Board regarding the Proposed Transaction, including all presentations prepared by Company management or any

---

[1] Courts have consistently recognized that internal management projections and forecasts are of special importance to stockholders because they contain unique insights into the value of the company that cannot be obtained elsewhere. *See Azar v. Blount Int'l, Inc.*, No. 3:16-cv-483-SI, 2017 U.S. Dist. LEXIS 39493, at *16 (D. Or. Mar. 20, 2017) ("The established case law shows the importance (and, hence, materiality) of financial projections to shareholders' decision-making.").

[2] "[I]nvestors are concerned, perhaps above all else, with the future cash flows of the companies in which they invest. Surely, the average investor's interest would be piqued by a company's internal projections. . . ." *United States v. Smith*, 155 F.3d 1051, 1064 n.20 (9th Cir. 1998), *superseded by statute on other grounds by* 18 U.S.C. § 2510.

[3] *In re Pure Res., Inc. S'holders Litig.*, 808 A.2d 421, 449 (Del. Ch. 2002) ("The real informative value of the banker's work is not in its bottom-line conclusion, but in the valuation analysis that buttress that result."); *In re Celera Corp. S'holder Litig.*, No. 6034-VCP, 2012 Del. Ch. LEXIS 66, at *122 (Del. Ch. Mar. 23, 2012), *aff'd in part & rev'd in part*, 59 A.3d 418 (Del. 2012) ("[A] fair summary of a comparable companies or transactions analysis probably should disclose the market multiples derived for the comparable companies or transactions.").

financial advisors;

3. The meeting minutes of the Board with attachments and materials reviewed at the meetings, insofar as the materials relate to the Proposed Transaction or strategic alternatives to the Proposed Transaction;
4. Depositions for Individual Defendant Benjamin A. Breier and one representative of each Barclays Capital Inc. and Guggenheim Securities, LLC most knowledgeable about the Proposed Transaction.

The forthcoming stockholder vote looms largely over these proceedings, and the disclosure violations must be cured prior to the impending vote to avoid the irreparable harm Plaintiff and the Class currently face. *See Allergan, Inc. v. Valeant Pharm. Int'l, Inc.*, No. SACV 14-1214 DOC(ANx), 2014 U.S. Dist. LEXIS 156227, at *50 (C.D. Cal. Nov. 4, 2014) ("An uninformed shareholder vote is often considered an irreparable harm, particularly because the raison d'etre of many of the securities laws is to ensure that shareholders make informed decisions.").

## III. ARGUMENT

As a threshold matter, although Plaintiff recognizes that the Private Securities Litigation Reform Act of 1995 ("PSLRA") generally governs this case, the stay provision of the PSLRA, 15 U.S.C. § 78u-4(b)(3)(B) (the "Stay Provision") is currently inapplicable because no motion to dismiss is pending. *See id*. ("all discovery and other proceedings shall be stayed *during the pendency of any motion to dismiss*. . . .") (emphasis added); *Vagle v. Spectranetics Corp.*, No. 10-cv-01249-MSK-MEH, 2010 U.S. Dist. LEXIS 109992, at *5 (D. Colo. Oct. 6, 2010) ("Because . . . Defendants have not filed a motion to dismiss in response to the amended complaint, the Court does not believe the Reform Act's mandatory stay could technically apply at this time, even in light of Defendants' representations that they will be filing a motion to dismiss"); *Mills v. Nat'l Oilwell Varco*, No. 4:12-CV-2962, 2012 U.S. Dist. LEXIS 169640, at *3-4 (S.D. Tex. Oct. 26,

2012) (finding PSLRA's automatic stay provision inapplicable where defendants had not yet filed a motion to dismiss); *Dartley v. Ergobilt, Inc.*, No. 3:98-CV-1442-G, 1998 U.S. Dist. LEXIS 17751, at *5 (N.D. Tex. Nov. 4, 1998) ("under the PSLRA, discovery ***must*** be stayed only when a motion to dismiss has actually been filed."). Accordingly, the present motion is governed by Fed. R. Civ. P. 26(d)(1).

Rule 26(d)(1) provides that expedited discovery may take place pursuant to a court order. "Courts in the Third Circuit . . . [apply] a 'good cause' or reasonableness standard to requests for expedited discovery under Rule 26(d)." *Duane Koch v. Martin Koch*, No. 3:16-CV-37, 2016 U.S. Dist. LEXIS 72349, at *43 (M.D. Pa. June 3, 2016).[4] Good cause is usually found where a party seeks a preliminary injunction. *Id.*; *Samuel, Son & Co. v. Beach*, No. 13-128 Erie, 2013 U.S. Dist. LEXIS 129486, at *7 (W.D. Pa. Sept. 11, 2013) ("courts have frequently observed that 'expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings.'"); *ForceX, Inc. v. Tech. Fusion, LLC*, No. 4:11cv88, 2011 U.S. Dist. LEXIS 69454, at *13 (E.D. Va. June 27, 2011) ("Motions for expedited discovery are routinely considered either during a court's consideration of motions for a preliminary injunction or temporary restraining order, or directly before such motions in order to prepare for a preliminary injunction argument."); *Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (citing Fed. R. Civ. P. 26 Adv. Comm. Notes (1993

---

[4] *See also Metal Bldg. Components, L.P. v. Caperton*, No. CIV-04-0256 MV/DJS, 2004 U.S. Dist. LEXIS 28854, at *10 (D.N.M. April 2, 2004) (rejecting the stricter *Notaro* test and adopting the more flexible "good cause" standard, explaining "[w]hen a plaintiff seeks expedited discovery in order to prepare for a preliminary injunction hearing, it does not make sense to use preliminary injunction analysis factors to determine the propriety of an expedited discovery request.")

amendments to subdivision (d)) (expedited discovery is appropriate "in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction")).

Further, expedited discovery is ordered in cases where stockholders will otherwise be forced to make an uninformed decision concerning a transaction that will likely close before discovery can be completed. *See Mesa Petroleum Co. v. Aztec Oil and Gas Co.*, 406 F. Supp. 910, 917 (N.D. Tex. 1976) (in a case concerning a corporate acquisition offer, the court ordered an expedited discovery schedule); *Ryan v. Walton*, No. 10-145 (RMC), 2010 U.S. Dist. LEXIS 108618, at *6-7 (D.D.C. Mar. 9, 2010) (same).

Although not uniformly applied in the Third Circuit, some district courts look to the following factors in determining whether "good cause" exists: "(1) whether a preliminary injunction motion is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Capriola Corp. v. Larose Indus., LLC*, No. 8:12-cv-2346-T-23TBM, 2012 U.S. Dist. LEXIS 194660, at *3 (M.D. Fla. Nov. 1, 2012). Plaintiff makes a successful showing of all factors.

### A. Good Cause Exists to Grant Expedited Discovery Under Fed. R. Civ. P. 26(d)(1)

#### 1. Plaintiff Has Filed A Preliminary Injunction Motion and Seeks Expedited Discovery for That Purpose

On February 16, 2018, Plaintiff filed his motion to enjoin the stockholder vote and consummation of the Proposed Transaction until adequate disclosures are made to Kindred's stockholders. As noted above, expedited discovery is routinely granted for the purposes of a preliminary injunction. *See Oglala Sioux Tribe v. Van Hunnik*, 298 F.R.D. 453, 456 (D.S.D. 2014); *Caperton*, 2004 U.S. Dist. LEXIS 28854 at *9. "[**A**] **period of narrow, targeted discovery in advance of a preliminary injunction hearing can help to 'crystallize the issues for the**

**preliminary injunction hearing' and 'ensure a clear and focused factual record**.'" *Samuel, Son & Co.*, 2013 U.S. Dist. LEXIS 129486, at *12 (emphasis added). Since Plaintiff has filed a preliminary injunction motion to enjoin the forthcoming stockholder vote and seeks discovery necessary to "crystalize the issues" for it, *id*., Plaintiff has demonstrated good cause for expedited discovery to be granted.

**2. Plaintiff's Discovery Request Is Limited and Any Burden Defendants May Face in Responding Is Minimal**

Plaintiff's discovery requests are narrowly tailored to the matters germane to the preliminary injunction motion, and Defendants are therefore unlikely to face any burden in responding to them. *See Hardie v. NCAA*, No. 13cv346-W (DHB), 2013 U.S. Dist. LEXIS 49714, at *6 (S.D. Cal. Apr. 5, 2013) (granting motion to expedite where "the majority of the information sought is relevant to the pending motion for preliminary injunction and is likely to assist the Court in resolving the motion."). Indeed, similar document requests have been approved by other courts that have granted expedited discovery. *See Nichting v. DPL Inc.*, No. 3:11-cv-141, 2011 U.S. Dist. LEXIS 76739, at *19 (S.D. Ohio July 15, 2011) (ordering production of documents and depositions concerning financial projections on expedited basis); *Ryan*, 2010 U.S. Dist. LEXIS 108618, at *6 (granting motion for expedited discovery where plaintiff's "particularized discovery request[]" included documents related to discussions with a party that made a superior offer for the company); *Malon v. Franklin Fin. Corp.*, No. 3:14cv671 (HEH-RCY), 2014 U.S. Dist. LEXIS 157304, at *8-9 (E.D. Va. Nov. 6, 2014) (granting expedited discovery and ordering production of offers, board minutes, banker and management presentations, and confidentiality agreements); *Lab. Corp. of Am. Holdings v. Cardinal Health Sys.*, No. 5:10-CV-353-D, 2010 U.S. Dist. LEXIS 107553, at *5-7 (E.D.N.C. Oct. 6, 2010) (granting motion for expedited discovery including "all documents concerning the merger. . . .").

Further, Plaintiff's requests are not burdensome because the documents he seeks are readily available to Defendants and have likely already been gathered and organized in connection with the Board's review of the Proposed Merger and preparation of the Proxy. *See In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, No. H-01-3624, 2002 U.S. Dist. LEXIS 26261, at *32 (S.D. Tex. Aug. 15, 2002) (noting that the burden to produce discovery is slight where the party has "already found, reviewed, and organized the documents."). And if for some reason certain documents Plaintiff seeks cannot easily be produced, Plaintiff will work with Defendants to further narrow the scope of his discovery requests.

**3. Discovery in Advance of the Typical Timeframe Is Necessary**

While Plaintiff has "requested discovery to start fairly far in advance of the normal course of discovery . . . this factor, alone, does not make the requested [discovery] unreasonable." *Light Salt Invs., LP v. Fisher*, No. 13cv1158-MMA (DHB), 2013 U.S. Dist. LEXIS 88470, at *5 (S.D. Cal. June 24, 2013); *see also Nobelbiz, Inc. v. Wesson*, No. 14cv0832 W (JLB), 2014 U.S. Dist. LEXIS 54432, at *1-2 (S.D. Cal. Apr. 18, 2014) (granting motion for expedited discovery filed two days after complaint). Indeed, expedited discovery is necessary in a case like this, where, under a normal discovery schedule, Plaintiff would be unable to obtain discovery prior to the date on which he will suffer the harm he seeks to prevent. *See Hardie*, 2013 U.S. Dist. LEXIS 49714, at *7-8. Given the forthcoming stockholder vote on the Proposed Transaction, the Court and the parties simply do not have the required time for the Court to "review voluminous pleadings and prepare an order resolving the motions to dismiss, and thereafter, if necessary, for Defendants to gather discovery, for Plaintiff to review that discovery, and, if applicable, for Court to hold a preliminary injunction hearing and prepare an order ruling upon the motion for preliminary injunction." *Nichting*, 2011 U.S. Dist. LEXIS 76739, at *18.

### 4. Plaintiff Faces the Threat of Irreparable Harm

While a showing of irreparable injury is not required to succeed on a motion to expedite, Plaintiff will undoubtedly suffer irreparable harm if discovery is not expedited. As set forth above, the Proxy fails to provide material information concerning the Proposed Transaction, and absent expedited discovery, Kindred stockholders will be unable to cast an adequately informed vote on the Proposed Transaction. As the Third Circuit has stated:

> Irreparable harm arises because of the difficulty of proving money damages in a suit based upon material misrepresentations…While Congress has determined that accurate disclosure is important to stockholders, it would often be impossible for stockholders to prove that on the facts of their particular tender offer accurate disclosure would have affected their decision making in a particular way with concomitant quantifiable monetary loss. The inadequacy of a remedy at law and the importance that Congress has attached to accurate disclosure of material information establishes irreparable harm.

*Polaroid Corp. v. Disney*, 862 F.2d 987, 1006 (3d Cir. 1988); *Am. Insured Mortg. Investors v. CRI, Inc.*, No. 90-CV-6630 (MBM), 1990 U.S. Dist. LEXIS 15787, at *19 (S.D.N.Y. Nov. 26, 1990) (finding irreparable harm in the context of a tender offer because "once [such an] offer has been consummated, it becomes difficult and sometimes virtually impossible for a court to 'unscramble the eggs.'") (internal quotation marks omitted).

Accordingly, though unnecessary for purposes of the instant motion, Plaintiff has also established that he will suffer irreparable harm, making expedited discovery particularly appropriate in this case. *See also infra* § III.B.2.

## B. If the Court Determines that the PSLRA Stay Provision Is Applicable, Plaintiff Is Still Entitled to Expedited Discovery

Even if the Court finds that the Stay Provision of the PSLRA is applicable even though no motion to dismiss is pending, the automatic stay should be lifted here, as "particularized discovery is necessary . . . to prevent undue prejudice to [Plaintiff]." *See* 15 U.S.C. § 78u-4(b)(3)(B).

### 1. Plaintiff Seeks Particularized Discovery Narrowly Tailored to the Key Details Surrounding the Proposed Transaction

For a discovery request to be "particularized," the party seeking discovery "must adequately specify the target of the requested discovery and the types of information needed. . . ." *Ryan*, 2010 U.S. Dist. LEXIS 108618, at *5. Here, Plaintiff's discovery requests are sufficiently particularized because he only requests "a relatively-limited amount of materials . . . subject to readily definable constraints." *Pension Trust Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 915 (E.D. Wis. 2013). Indeed, several federal courts presiding over similar actions challenging merger transactions have granted motions seeking expedited production of the same types of documents Plaintiff seeks. *See, e.g.*, *Malon*, 2014 U.S. Dist. LEXIS 157304, at *8-9; *Nichting*, 2011 U.S. Dist. LEXIS 76739, at *19; *Ryan*, 2010 U.S. Dist. LEXIS 108618, at *7.

In an analogous context, courts lift the PLSRA discovery stay in cases where the defendants have "already found, reviewed, and organized the documents" in connection with other proceedings. *Enron*, 2002 U.S. Dist. LEXIS 26261, at *32 (emphasis added). Thus, while Plaintiff is not currently aware of outstanding discovery in any parallel legal proceedings involving the Proposed Transaction, Defendants have likely already "found, reviewed, and organized" the documents Plaintiff seeks in connection with the Board's vote to approve the Merger and Defendants' subsequent preparation of the Proxy. Accordingly, Plaintiff's discovery requests are sufficiently "particularized."

### 2. Absent Expedited Discovery, Plaintiff and the Class Will Suffer Undue Prejudice, If Not Irreparable Harm

Plaintiff and Kindred's other stockholders will be unduly prejudiced if the Court does not grant expedited discovery, as they will suffer irreparable harm by being forced to vote on the Proposed Transaction without the material information referenced above. *See supra* III.A.4;

*Doppelt v. Windstream Holdings, Inc.*, C.A. No. 10629-VCN, 2016 Del. Ch. LEXIS 27, at *24 (Del. Ch. Feb. 5, 2016) ("Once shareholders have voted without complete and accurate information, it is, by definition, too late to remedy the harm.") (internal quotation marks omitted). Undue prejudice means improper or unfair treatment amounting to something less than irreparable harm. *In re Bank of America Corp. Sec., Derivative, and ERISA Litig.*, No. 09MDL2058 (DC), 2009 U.S. Dist. LEXIS 108322, at *6 (S.D.N.Y. Nov. 16, 2009). Therefore, a showing of irreparable harm would satisfy a showing of undue prejudice. In fact, courts have found that this exact threat of irreparable harm "is the type of prejudice that warrants the lifting of the discovery stay." *Ryan*, 2010 U.S. Dist. LEXIS 108618, at *7; *see also Malon*, 2014 U.S. Dist. LEXIS 157304, at *4 (lifting the Stay Provision in a 14(a) action stating, "particularized discovery is both necessary and appropriate in contemplation of the upcoming shareholder meeting and motion for a preliminary injunction."); *Nichting*, 2011 U.S. Dist. LEXIS 76739, at *18-19 ("This time constraint, coupled by a showing of potential irreparable harm, militates in favor of an order for limited and discreet discovery regarding DPL's financial projections a disclosure issue that troubles the Court.").

As noted above, the forthcoming stockholder vote imposes an expedited environment upon this proceeding. There is simply not enough time for the parties to fully brief a motion to dismiss; for the Court to review the pleadings and motion, and then render a decision on that motion; for Defendants, after the Court rules on the motion, to collect and transmit the required discovery; for Plaintiff to thoroughly review the discovery; for Defendants to file an opposition to Plaintiff's motion for preliminary injunction, and Plaintiff file a reply to the opposition; and then the Court review those filings and render a decision all before the forthcoming vote. Operating under such time constraints would clearly prejudice Plaintiff and unnecessarily burden the Court. *See*

*Nichting*, 2011 U.S. Dist. LEXIS 76739, at *18; *see also Malon*, 2014 U.S. Dist. LEXIS 157304, at *6 ("discovery in anticipation of a motion for a preliminary injunction is appropriate as that is the stage during which Plaintiff's relief can best be given.") (internal quotation marks omitted). Therefore, Plaintiff has established that he will suffer undue prejudice absent the lifting of the Stay Provision to perform expedited discovery.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his Motion to Expedite Discovery.

DATED: February 20, 2018

**COOCH AND TAYLOR, P.A.**

*/s/ Blake A. Bennett*
Blake A. Bennett (#5133)
The Brandywine Building
1000 West Street, 10th Floor
Wilmington, DE 19801
(302) 984-3800

*Attorneys for Plaintiff*

**OF COUNSEL**

**MONTEVERDE & ASSOCIATES PC**
Juan E. Monteverde
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, New York 10118
Tel: 212-971-1341
Fax: 212-202-7880
Email: jmonteverde@monteverdelaw.com

*Attorneys for Plaintiff*