## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAZY SEHRGOSHA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KINDRED HEALTHCARE, INC., PHYLLIS R. YALE, BENJAMIN A. BREIER, JOEL ACKERMAN, JONATHAN D. BLUM, PAUL J. DIAZ, HEYWARD R. DONIGAN, RICHARD GOODMAN, CHRISTOPHER T. HJELM FRED J. KLEISNER, SHARAD MANSUKANI, M.D., and LYNN SIMON, M.D.,<br><br>Defendants. | Case No. 1:18-cv-00230-RGA |

## PLAINTIFFS' RESPONSE TO THE COURT'S REQUEST FOR FURTHER SUBMISSION

Plaintiff Mazy Sehrgosha ("Plaintiff")[1] submits this Response to the Court's Request for further submission ordered on September 5, 2018, upon preliminary review of Plaintiffs' Motion for an Application for Attorneys' Fees and Expenses:

## I.   COURTS IN THE THIRD CIRCUIT HAVE ACCEPTED CUSTOMARY NON-DELAWARE RATES IN OTHER CASES

The Court asked in its September 5, 2018 Order ("Order") why Delaware rates should not apply under the "forum rule" rather than Plaintiffs' Counsels' customary New York rates to determine lodestar as a measure against the requested fee award.  Order ¶ 1.  Plaintiffs' Counsel

---

[1]   Plaintiff Debra Carter, a Kindred Healthcare stockholder, filed the action *Carter v. Kindred Healthcare, Inc.*, 18-cv-254, asserting similar allegations as Plaintiff Sehrgosha, participated in prosecuting the claims described herein, and joins in this submission. The reference to "Plaintiffs" in this submission refers solely to Plaintiffs Sehrgosha and Carter.

respectfully submit that there is authority for applying customary non-Delaware rates in shareholder litigation such as this.

Plaintiffs' Counsel applied their regular hourly rates in support of their Fee Award Motion pursuant to authority from this Court, which has previously accepted that the "relevant community we should be looking to is the national legal community that practices securities litigation." *Steiner v. Hercules Inc.*, 835 F. Supp. 771, 787 (D. Del. 1993).  In *Steiner*, the court did not require plaintiffs' counsel to apply local Delaware rates, but rather made "modest adjustments to the rates" submitted by firms from New York, Philadelphia, and Los Angeles based on a survey submitted by counsel.  *Id.* at 786-88.  Delaware courts also have approved attorney fee applications based on non-Delaware rates (without adjustments) in other shareholder litigation (*see* Exhibit 1, Declaration of Jeffrey M. Norton in Support of Motion for Final Approval of Proposed Settlement and Application for an Award of Attorneys' Fees and Expenses at 22, reflecting New York partner hourly rates of $725, associate rates of $525 and $375)[2] (*see* Exhibit 3, Affidavit of James R. Banko, Esquire Filed on Behalf of Faruqi & Faruqi, LLP in Support of Application for Award of Attorneys' Fees and Expenses, reflecting New York partner rates of $775-$950, and Delaware partner rates of $795-$725),[3] and bankruptcy cases (*see* Exhibit 4, Application of Official Committee of Unsecured Creditors of Samuels Jewelers, Inc. for Entry of an Order Authorizing

---

[2]   The case was *Fulton v. Dipp, et al. and OvaScience, Inc.*, No. 1:17-cv-00869 (D. Del.) ("OvaScience") and in August 2018 the court approved the requested fee.  *See* Ex. 2, Order and Final Judgment dated August 30, 2018.

[3]   The case was *In re Mavenir Systems, Inc. Stockholders Litigation*, Cons. C.A. No. 10757-VCMR (Del. Ch.) and the court awarded fees without adjustment to the hourly rates.

*(cont'd)*

2

the Employment and Retention of Foley & Lardner LLP as Committee Counsel *Nunc Pro Tunc* to August 16, 2018 at 6, reflecting hourly rates ranging from $1,000 to $485).[4]

Pursuant to this precedent, Plaintiffs' Counsel applied their customary hourly rates to calculate lodestar which they respectfully view as reasonable for this type of litigation.

## II.     THE REQUESTED RATES ARE COMPARABLE TO DELAWARE RATES

In its Order, the Court requested Plaintiffs' attorneys "to submit evidence of Delaware rates, and to revise their requests in light of the evidence about Delaware rates."  Order ¶ 2.  Plaintiffs' Counsel respectfully submit that the "prevailing market rates" in Delaware generally appear to be comparable to the customary non-Delaware rates and little if any adjustment is necessary. *See e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Nevertheless, Plaintiffs' Counsel submit a revised lodestar calculation reflecting adjustments to certain hourly rates based on the evidence of market rates discussed below.

Delaware courts have approved fee awards supported by lodestar with rates similar to those submitted by Plaintiffs' Counsel.  For example, in the OvaScience case in 2018, the Delaware firm of Rigrodsky & Long submitted lodestar reflecting a partner hourly rate of $725 and associate rate of $400.  *See* Exhibit 5, Declaration of Brian D. Long in Support of Motion for Final Approval of Proposed Settlement and Application for Award of Attorneys' Fees and Expenses at 3.  In *Iveze of Milwaukee v. Compex Litigation Support*, C.A. No. 3158-VCL, the Delaware Court of Chancery *in 2009* approved a fee application supported by lodestar of the Delaware firm Richards, Layton & Finger hourly rates that included partner rates of $650.  *See* Exhibit 6, June 24, 2009 Letter Order, with attached Exhibit A to the Fee Application.  And just three months ago, the Court of Chancery awarded $300,000 in attorneys' fees and expenses in a non-monetary corporate benefit

---

[4]     The case was *In re Samuels Jewelers, Inc.*, No. 18-11818-KJC (D. Del. Bankr.).

action vindicating stockholders' franchise rights and noted that "an hourly rate of approximately $1,449, [was] is in line with the most analogous precedent." *See* Exhibit 7, *Full Value Partners, L.P. v. Swiss Helvetia Fund, Inc.*, No. 2017-0303-AGB, 2018 Del. Ch. LEXIS 184, at *19 (Del. Ch. June 7, 2018). The Court of Chancery found the hourly rate and corresponding fee acceptable even though "counsel's litigation efforts were modest" and "the litigation spanned a mere four months from its initiation." *Id.*

Further evidence of the prevailing market rate is found in the 2015 billing survey conducted by the National Law Journal that ("NLJ Survey") reported the following information regarding the prevailing hourly rates by position in Delaware:[5]

| 2015 Delaware Rates | | | | | |
|---|---|---|---|---|---|
| **Position** | **High** | | **Low** | | **Median** |
| Partner | $ | 1,050 | $ | 295 | $ | 650 |
| Associate | $ | 850 | $ | 260 | $ | 388 |
| Paralegal | $ | 305 | $ | 125 | $ | 235 |

After adjusting the 2015 rates to accommodate for inflation based on the Bureau of Labor Statistics CPI Inflation Calculator,[6] the resulting prevailing hourly rates in Delaware are as follows:

| 2015 Delaware Rates (Adjusted) | | | | |
|---|---|---|---|---|
| **Position** | **High** | **Low** | **Median** |
| Partner | $ | 1,133 | $ | 318 | $ | 701 |
| Associate | $ | 917 | $ | 280 | $ | 419 |
| Paralegal | $ | 329 | $ | 135 | $ | 254 |

The rates submitted here in support of the attorney's fee request are in line with these rates. As shown in the following table, the rates used in calculating Plaintiffs' Counsels' lodestar fall within

---

[5]   Attached as Ex. 8.

[6]   *Available at* www.bls.gov/data/inflation_calculator.htm/.

*(cont'd)*

the range of rates whether using the 2015 rates or the 2015 rates adjusted for inflation, except for the submitted paralegal rates:

| Plaintiffs' Counsels' Rates[7] | | | | |
|---|---|---|---|---|
| Position | High | Low | Average | Blended |
| Partner | $ 950 | $ 450 | $     705 | $         690 |
| Associate | $ 400 | $ 325 | $     363 | $         339 |
| Paralegal | $ 400 | $ 275 | $     333 | $         348 |

Thus, Plaintiffs' Counsel respectfully submit that the above evidence of the prevailing Delaware rate supports the hourly rates they have submitted, which exceed the adjusted median Delaware rates by a modest amount and are below the adjusted high rates (other than the paralegal rates which are modestly higher).

Nevertheless, as ordered by the Court, Plaintiffs' Counsel submit the following table that reflects hourly rates adjusted to reflect the inflation adjusted median rates from the NLJ Survey:

**FARUQI & FARUQI, LLP[8]**

| PROFESSIONAL* | HOURS | CUSTOMARY RATES | LODESTAR | PROPOSED DELAWARE RATES | REVISED LODESTAR |
|---|---|---|---|---|---|
| NADEEM FARUQI (P) | 5.50 | $950 | $5,225.00 | $701 | $3,855.50 |
| JAMES "JOSH" WILSON (P) | 19.25 | $775 | $14,918.75 | $701 | $13,494.25 |
| MICHAEL VAN GORDER (P) | 21.25 | $450 | $9,562.50 | $450 | $9,562.50 |
| JAMES KIM (LC) | 11.50 | $400 | $4,600.00 | $400 | $4,600.00 |
| DEREK BEHNKE (PL) | 15.00 | $400 | $6,000.00 | $254 | $3,810.00 |

---

[7]     The blended rates were calculated by dividing the lodestar for each timekeeper category by the respective hours spent by each timekeeper category.

[8]     Customary rates that are below the adjusted Delaware rates remain the same.

5

| | | | | | |
|---|---|---|---|---|---|
| BRIAN GIACALONE (PL) | 15.50 | $325 | $5,037.50 | $254 | $3,937.00 |
| JULIANNA DIETZ (PL) | 6.00 | $275 | $1,650.00 | $254 | $1,524.00 |
| | | | | | |
| **TOTALS** | 94.00 | | $46,993.75 | | $40,783.25 |

*(P) – Partner;
(A) – Associate;
(LC) – Law Clerk;
(PL) – Paralegal

**MONTEVERDE & ASSOCIATES, P.C.**

| PROFESSIONAL* | HOURS | CUSTOMARY RATES | LODESTAR | PROPOSED DELAWARE RATES | REVISED LODESTAR |
|---|---|---|---|---|---|
| JUAN MONTEVERDE (P) | 56.8 | $750 | $42,600.00 | $701 | $39,816.80 |
| JOHN BAYLET (A) | 50.5 | $325 | $16,412.50 | $325 | $16,412.50 |
| **TOTALS** | 107.3 | | $59,012.50 | | $56,229.30 |

*(P) – Partner;
(A) – Associate

**COOCH & TAYLOR, P.A.**

| PROFESSIONAL* | HOURS | CUSTOMARY RATES | LODESTAR | PROPOSED DELAWARE RATES | REVISED LODESTAR (No Changes) |
|---|---|---|---|---|---|
| BLAKE A. BENNET (D) | 15.5 | $600.00 | $9,300.00 | $600.00 | $9,300.00 |

*(D) – Director

The total lodestar based on the proposed adjusted Delaware rates is $106,312.60 compared to a lodestar of $115,306.25 using Counsels' customary rates. The requested fee of $575,000 represents a multiple of 5.45x of the adjusted Delaware rate lodestar, which based on the authority discussed in Plaintiffs' Counsels' briefing in support of the Fee Application is reasonable and warranted.

## III.    THE RESULTS OF THE VOTE ON THE MERGER

On April 5, 2018, Kindred held their special meeting of stockholders to vote on the Merger. 70,724,942 of the 91,535,238 total outstanding shares were represented at the meeting in person or by proxy. On the proposal to adopt the Merger: 54,650,172 votes were casted "For", 15,781,340 votes were casted "Against", and 293,430 votes "Abstained."[9]

Accordingly, 77.27% of the votes cast were casted in favor of the Merger, and 59.7% of the total outstanding shares were voted in favor of the Merger.   Kindred stockholders were informed that not voting would have the same effect as voting against the Merger.  Proxy at 5 (Doc. No. 16-1).

## IV.    PLAINTIFFS' COUNSEL BEAR ACTUAL RISK IN THIS TYPE OF LITIGATION

Plaintiffs' Counsel respectfully submits that, consistent with the *Johnson* factors, a reasonable multiplier of 5.45 is appropriate in this case.  The Court should give weight to the fact that Plaintiffs' Counsel undertook representation on a contingency fee basis on behalf of a relatively small stockholder who would otherwise have no voice to protect their corporate suffrage rights regarding the Merger.  Plaintiff's Counsel risked receiving nothing for their work had they

---

[9]    *See*   Kindred   Healthcare,   Inc.   Form   8-K   (April   5,   2018), https://www.sec.gov/Archives/edgar/data/1060009/000119312518108786/d563674d8k.htm.

been unsuccessful in procuring the material Supplemental Disclosures that mooted Plaintiffs' claims.

Plaintiffs' Counsel respectfully submit that vindicating corporate suffrage in a merger transaction is far from a guaranteed venture. To that end, Plaintiffs' Counsel are currently litigating eleven ongoing, post-close cases in federal court to resolve materially incomplete and/or misleading disclosures made in violation of federal securities laws, as illustrated by the table below:

| Court | Case Name | Case No |
|-------|-----------|---------|
| D. Mass. | *Carr v. Analogic, et al.* | 1:18-cv-11301-ADB |
| D. Del. | *Barrett v. Envision Healthcare Corporation, et al.* | 1:18-cv-01219-RGA |
| 9th Cir. | *Gary Varjabedian v. Emulex Corp., et al.* | 16-55088 |
| N.D. Cal. | *Sanchez v. IXYS Corporation, et al.* | 3:17-cv-06441-WHO |
| N.D. Cal. | *Plant v. Jaguar Animal Health, Inc., et al.* | 3:17-cv-04102-RS |
| N.D. Cal. | *In re Ocera Therapeutics, Inc. Securities Litigation* | 3:17-cv-06687-RS |
| N.D. Cal. | *Karri v. Oclaro Inc., et al.* | 3:18-cv-03435-JD |
| E.D.N.C. | *Carlson v. Triangle Capital Corporation, et al.* | 5:18-cv-00332-FL |
| 8th Cir. | *Jesse Campbell v. Transgenomic, Inc., et al.* | 18-2198 |
| S.D. Tex. | *Panella v. Tesco Corporation, et al.* | 4:17-cv-02904 |
| S.D. Ind. | *Kuebler v. Vectren Corporation, et al.* | 3:18-cv-00113-RLY-MPB |

Moreover, not all merger cases are brought in federal courts. Often, disclosure violations go hand-in-hand with breaches of fiduciary duties, and cases are brought in state court. To that end, Plaintiffs' Counsel is currently representing shareholders' rights in twelve ongoing cases in various state courts across the country, as illustrated in the chart below:

| Court | Case Name | Case No |
|---|---|---|
| Circuit Court of Pulaski County, Arkansas Sixth Division | *Hurliman v. Massey, et al.* | 60CV-17-5022 |
| Eighth Judicial District Court of The State of Nevada In and for the County of Clark | *In re ClubCorp Holdings LLC Shareholder Litigation* | A-17-758912-B |
| State of Michigan In the Circuit Court for the County of Oakland | *Murphy v. Inman, et al.* | 2017-159571-CB |
| Circuit Court for Montgomery County, Maryland | *Penchuk v. Grant, et al.* | 449557-V |
| Circuit Court for Baltimore County, Maryland | *Frank v. Education Realty Trust, Inc., et al.* | 03-C-18-008387 OT |
| Delaware Chancery Court | *In re Gigamon, Inc. Stockholder Litigation* | 2017-0854-AGB |
| Superior Court of the State of California County of Santa Clara | *In re Hansen Medical, Inc. Shareholder Litigation* | 16CV294288 |
| Superior Court of the State of California County of Los Angeles | *In re MRV Communications, Inc., Stockholder Litigation* | BC 669601 |
| Circuit Court for Montgomery County, Maryland | *Hoffman v. Massey, et al.* | V451442 |
| State of Michigan Midland County Forty-Second Circuit Court | *Finke v Reynolds, et al.* | 2017-4936CB B |
| Superior Court of the State of California County of Santa Cruz | *Patterson v. Repass, et al.* | 17CV01995 |
| Delaware Chancery Court | *In re USG Corporation Stockholder Litigation* | 2018-0603-SG |

In a number of the aforementioned cases, Plaintiffs' counsel has also already expended tens of thousands of dollars in financial experts and travel to conduct arguments.

While defendants in some—not all—of the above cases may have made additional disclosures, those disclosures did not always squarely moot the claims brought by plaintiffs, and Plaintiffs' Counsel carried forward with the litigation and its risks.  Therefore, when Plaintiffs' Counsel takes these cases on a contingency basis, they face substantial risks of not receiving any compensation for their work and should be rewarded for such risks.

Based on the aforementioned, Plaintiffs respectfully request an award of attorneys' fees and expenses in the amount of $575,000.


Dated: September 19, 2018                          Respectfully submitted,

**OF COUNSEL:**                                    **COOCH AND TAYLOR, P.A.**

**MONTEVERDE & ASSOCIATES PC**      _/s/ Blake A. Bennett_____
Juan E. Monteverde                                 Blake A. Bennett (#5133)
The Empire State Building                          The Brandywine Building
350 Fifth Avenue, Suite 4405                       1000 West Street, 10th Floor
New York, NY 10118                                 Wilmington, DE 19801
Telephone: (212) 971-1341                          Tel.: (302) 984-3800
Email: jmonteverde@monteverdelaw.com

*Attorneys for Plaintiff*                          *Attorneys for Plaintiff*