**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MAZY SEHRGOSHA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> KINDRED HEALTHCARE, INC., PHYLLIS R. YALE, BENJAMIN A. BREIER, JOEL ACKERMAN, JONATHAN D. BLUM, PAUL J. DIAZ, HEYWARD R. DONIGAN, RICHARD GOODMAN, CHRISTOPHER T. HJELM FRED J. KLEISNER, SHARAD MANSUKANI, M.D., and LYNN SIMON, M.D., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:18-cv-00230-RGA |

## PLAINTIFF'S RESPONSE TO ORDER DATED DECEMBER 11, 2018

Plaintiff Mazy Sehrgosha ("Plaintiff") submits this Response to the Court's Request for further submission ordered on December 11, 2018, responding to Defendants' analysis regarding recent mootness litigation. Plaintiff respectfully disagrees with Defendants' flawed assertion that there is a 0% "failure rate" for merger litigation, Defendants' characterization of what constitutes a corrective disclosure, and Defendants' manipulated definition of failure to obtain supplemental disclosures.

First, of the **14** cases Defendants cite as examples for supplemental or corrective disclosures, at least three of those cases did not, in fact, contain any corrective disclosures whatsoever to address pending litigation. For example:

1. *Franchi v. IXYS Corporation et al* – No corrective disclosures were made on the pages Defendants identified in Annex A (page 50 of S-4 and page 51 of S-4/A), unless changing

"Mr." to "Dr." counts as a corrective disclosure. Even if Defendants mistakenly identified pages 60 and 61 as 50 and 51, that disclosure was made in direct response to SEC correspondence, not private litigation. None of the disclosure violations alleged in the complaint were corrected. Moreover, after plaintiff took the case post-close, the defendants' motion to dismiss was granted. Plaintiff spend numerous hours and money on experts without any recovery.

2. *Solak v. Holmes et al* – No corrective disclosures were made. All disclosures made in subsequent proxy filings were updates from the ongoing merger process. Plaintiff's claims were not addressed or mooted. Plaintiff dismissed without any recovery.

3. *Heinrich v. Stone Energy Corporation et al* – No corrective disclosures were made pursuant to the litigation or complaint. All disclosures were made pursuant to SEC correspondence. Plaintiff dismissed without any recovery.

Not obtaining any corrective disclosures or recovery would certainly qualify as a failure for both plaintiffs and their counsel to obtain corrective disclosures. Therefore, Defendants' assertion of a 0% "failure rate" is not true.

Second, Defendants attempt to disregard entire categories of litigation that failed to obtain corrective disclosures or a recovery as inapplicable to their calculation of "failure." By any logical definition, not obtaining corrective disclosures or a recovery would constitute a failure in the case and real risk. To limit the universe of cases only to those that sought, and failed to achieve, a pre-merger injunction to enjoin the shareholder vote would present a distorted sample of the body of merger disclosure litigation—and its corresponding risk of failure. *See* Ravi Sinha, *Shareholder Litigation Involving Acquisitions of Public Companies*, at 6 (Cornerstone Research 2018) ("The rate of resolution prior to the deal closing has steadily declined from 78 percent in 2012 to a 10-

year low of 43 percent in 2017.").[1] Thus, by disregarding all cases that were taken post-close or voluntarily dismissed without achieving corrective disclosures, Defendants attempt to manipulate the population of cases to fit into their 0% "failure rate."

Lastly, as stated in Plaintiff's Response to the Court's Request for further submission ordered on September 5, 2018, defendants in some cases may make additional disclosures, but, those disclosures do not always moot or resolve the claims brought by plaintiffs. Accordingly, plaintiffs' counsel carry the litigation forward and assume great risks of failure. In fact, that is precisely the case presently before Your Honor: *In re Envision Healthcare Corp.*, No. 1:18-cv-01068-RGA. Therefore, Defendants' assertion of a 0% "failure rate" is plainly not true.

Dated: December 21, 2018

**OF COUNSEL:**

**MONTEVERDE & ASSOCIATES PC**
Juan E. Monteverde
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, NY 10118
Tel: (212) 971-1341
Email: jmonteverde@monteverdelaw.com

*Attorneys for Plaintiff*

Respectfully submitted,

**COOCH AND TAYLOR, P.A.**

 */s/ Blake A. Bennett*
Blake A. Bennett (#5133)
The Brandywine Building
1000 West Street, 10th Floor
Wilmington, DE 19801
Tel: (302) 984-3800

*Attorneys for Plaintiff*

---

[1] Although not specifically defined in the research report, resolution prior to the deal closing would correspond to plaintiff obtaining corrective disclosures prior to the merger closing.