IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAZY SEHRGOSHA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KINDRED HEALTHCARE, INC., PHYLLIS R. YALE, BENJAMIN A. BREIER, JOEL ACKERMAN, JONATHAN D. BLUM, PAUL J. DIAZ, HEYWARD R. DONIGAN, RICHARD GOODMAN, CHRISTOPHER T. HJELM FRED J. KLEISNER, SHARAD MANSUKANI, M.D., and LYNN SIMON, M.D.,<br><br>Defendants. | Civil Action No. 1:18-cv-00230-RGA |

**ORDER**

Presently before is Plaintiffs' Applications for an Award of Attorneys' Fees and Expenses. (D.I. 26). This case stems from the sale of Kindred Healthcare, Inc. to TPG Capital, Welsh, Carson, Anderson & Stowe, and Humana Inc. Plaintiffs argue that they should be awarded attorneys' fees because, through this litigation, they caused Defendants to make supplemental disclosures to the preliminary proxy statement that Defendants issued prior to the sale. They argue that the supplemental disclosures conferred a substantial benefit on Kindred Healthcare shareholders.

I have reviewed the Parties' briefing and some things are fairly clear. To wit, there is an about 90% success rate in obtaining additional disclosure when plaintiffs file suit in this District claiming § 14(a) and § 20(a) violations in a proxy statement before the scheduled date of a

merger.[1] Other issues, such as the importance of the supplemental disclosures sought by Plaintiffs, remain less clear.

On the present record, I find that I am unable to resolve the motions. The briefs do not provide me with necessary expert analysis of the facts which would allow me to determine whether disclosure of more details related to financial projections and financial analyses provided a substantial benefit to the Kindred Healthcare shareholders. Attorney argument is not a sufficient basis for me to make a factual finding that Plaintiffs' actions provided any benefit, much less a substantial one. Thus, the Parties shall elect one of the following options:

---

[1] At my request, the Parties in these related actions, C.A. 18-230, 18-260, and 18-297, submitted letters addressing the success rate for these types of suits in the District of Delaware. (C.A. 18-230, D.I. 39, 40, 43, 45, 46; C.A. 18-260, D.I. 16, 17, 19, 21). The ETBR Plaintiffs ("Plaintiffs" for the remainder of this footnote) identified 98 mergers that were challenged on similar grounds in the District of Delaware between January 20, 2016 and September 5, 2018. (C.A. 18-260, D.I. 16-1, Exh. H (listing 178 disclosure cases, arising from 98 transactions). Defendants argued that certain challenged mergers that Plaintiffs included were not comparable. (C.A. 18-260, D.I. 19 (identifying four mergers where suits were filed after a vote had occurred and three instances where the merger fell apart prior to a vote). I agree that post-vote challenges are not like this case where Plaintiffs challenged the proxy statement prior to a vote. I do not, however, agree that the collapse of the merger changes the nature of the suit. On the other hand, the collapse of the merger essentially mooted the lawsuits; the result, while not a success, was also not a loss. Thus, excluding the four post-vote challenge cases and the three merger collapses, the Parties identified 91 comparable challenged mergers. Out of those 91, it is undisputed that in 69 challenged mergers the plaintiffs were successful in obtaining additional disclosures. (C.A. 18-260, D.I. 16 at 7). Plaintiffs initially argued that plaintiffs failed to obtain additional disclosures in 22 of those mergers. (*Id.*). (I have adjusted Plaintiffs' initial count (27) to reflect my decision that seven cases were not properly included and to reflect Defendants' observation that Plaintiffs actually identified 29 failures. (C.A. 18-260 at 3 n.1).) Defendants challenged Plaintiffs' conclusion as to 15 mergers, arguing that the companies made corrective disclosures. (C.A. 18-260, D.I. 19 at 3). Plaintiffs agreed that they miscategorized eight challenged mergers and disputed the rest. (C.A. 18-260, D.I. 21). Whether the plaintiffs were successful in the remaining seven mergers is a close call. In each merger, there were supplemental disclosures. (*Id.*). Plaintiffs do not agree, however, that those disclosures represented success. (*Id.*). Rather than attempt to determine success or failure based on the limited information contained in the letters, I have excluded those close call mergers from the analysis. Thus, out of 84 mergers, plaintiffs were unsuccessful in obtaining additional disclosures 7 times—a 91.7% success rate.

- **Option 1:** Each Party will retain an expert who can testify to the significance of the disclosures, the experts will submit expert reports, and each Party will have an opportunity to depose the opposing Party's expert. Once that is completed, I will hold an evidentiary hearing on whether Plaintiffs' conferred a substantial benefit on the shareholders.

- **Option 2:** I will appoint an expert pursuant to Federal Rule of Evidence 706 to assist me in deciding whether Defendants' disclosures conferred a substantial benefit to the shareholders. I contemplate the expert would have an advanced degree in business or economics and would have experience with large corporate mergers. The Parties will meet and confer regarding suitable candidates for the expert position and submit an agreed proposed list to me. Under this option, the Parties would split the cost of the expert until I resolve this motion. Once the motion is resolved, the prevailing party will be allowed to recover the cost of the expert witness.

The Parties shall meet and confer and submit a letter to the Court no later than February 14, 2019 informing me of which Option they have chosen.[2] The letter shall also contain an agreed proposed schedule for moving forward with the case under the selected Option.[3]

IT IS SO ORDERED this 5 day of February 2019

*/s/ Richard G. Andrews*
United States District Judge

---

[2] If the Parties cannot agree on an Option, then the case will proceed under Option 2 with the additional step that the Parties will have the opportunity to show cause why I should not appoint an expert to inform my decision on the substantial benefit issue.

[3] I am issuing a largely identical order in the related actions, C.A. 18-260 and 18-297. I will not object if the Parties wish to slightly augment one of the Options to facilitate a combined effort across these three cases.